[L. A. No. 6733. In Bank.—July 28, 1921.]

In the Matter of the Estate of GEORGE W. RITZMAN, Deceased. EVA E. BIKE, Appellant, v. JOHN W. MATTER, Administrator, etc., Respondent.

[1] ESTATES OF DECEASED PERSONS—VESTING OF TESTAMENTARY DISPOSITIONS — TIME — PRESUMPTION.—Testamentary dispositions are presumed to vest at the testator's death unless an intention to the contrary clearly appears in the will.

[2] ID.—WILL — TIME OF VESTING OF REMAINDER — CONSTRUCTION.—Under a will giving to the surviving wife of the testator all of the income and so much of the principal of his property as might be necessary for her comfortable living and support as long as she lived, and giving, upon her death, the remainder of his property in six equal parts to his specifically named children, and providing that the indebtedness of any child to him should continue as long as his wife lived and be taken out of such child's share on her death, the gift to each child was not contingent upon the child surviving the wife, but the ownership of such remainder vested in all of them immediately upon the death of the testator.

APPEAL from a decree of partial distribution of the Superior Court of Los Angeles County. James C. Rives, Judge. Affirmed.

The facts are stated in the opinion of the court.

G. A. Gibbs and Elliott Gibbs for Appellant.

Lloyd W. Brooke and F. G. Cruickshank for Respondent.

ANGELLOTTI, C. J.—This is an appeal by Eva E. Bike, one of the children of deceased, from a decree of partial distribution. The deceased died testate October 23, 1913. By his will, dated June 25, 1912, he declared that he had a wife, naming her, and six children, naming them. After directing payment of his debts and funeral expenses, he provided for his wife as follows:

"Third: I hereby give, devise and bequeath to my wife Sarah Ritzman all of the income and so much of the principal as may be necessary for her comfortable living and support so long as she lives, and my executors hereinafter named are directed to pay to her monthly sufficient funds for her

living and support so long as she lives, and my executors hereinafter named are appointed trustees to hold and manage all of my property for the purpose of carrying out said trust, if any surplus over her living it shall be added to my estate.

"Fourth: Upon the death of my wife Sarah Ritzman I give, devise and bequest all the rest, residue and remainder of my property as follows: To be in six equal parts. One-sixth (1/6) thereof to my daughter Mary Auman, one-sixth (1/6) thereof to my daughter Eva E. Bike, one-sixth (1/6) thereof to my daughter Maggie Hoff, one-sixth (1/6) thereof to my daughter Lucy Matter, one-sixth (1/6) thereof to my daughter Cora Heiss, and the remaining one-sixth (1/6) thereof to my son William J. Ritzman."

By the fifth paragraph he directed his executors to permit any heir indebted to him to continue owing the estate as long as the wife lives, keeping the interest paid, and on the death of the wife "to take such indebtedness out of the share due to such child." The remaining provisions are not of importance here.

Lucy Matter, one of the six children, died. November 1, 1919, one day before the death of Sarah Ritzman, the surviving wife of deceased, who died November 2, 1919. On application for partial distribution the question of the effect of the death of Lucy Matter after the death of deceased and prior to the death of Sarah Ritzman, the wife, was presented. It was held by the trial court that under the terms of the will Lucy Matter, upon the death of the testator, was at once vested with ownership of one-sixth of the property of the estate subject to administration and the disposition in favor of the wife for her life, and distribution of her share to the administrator of the estate of said Lucy Matter was made on this theory. The theory of appellant is that by the terms of the will the gift to each child was contingent upon such child surviving the wife, with the result that the gift to Lucy Matter lapsed upon her death prior to the death of the wife.

[1] Appellant's counsel quite correctly claim, quoting Chief Justice Marshall in *Smith* v. *Bell*, 6 Pet. 68, [8 L. Ed. 322, see, also, Rose's U. S. Notes], that "the first and great rule in the exposition of wills, to which all other rules must bend, is, that the intention of the testator, expressed in his will, shall prevail, provided it be consistent with the rules

of law.'' That this is the well-settled law in this state, both by express statutory provision (Civ. Code, sec. 1317 et seq.), and under our decisions, must, of course, be admitted. As we said in *Estate of Wilson,* 184 Cal. 63, [193 Pac. 581], ''statutory rules of interpretation are to be followed in so far as they aid in determining the intention of the testator, but they are all subject to the fundamental rule that the intention, as shown by the will must prevail.'' So that while we have a rule of interpretation of wills that testamentary dispositions ''are presumed to vest at the testator's death,'' this rule would not prevail here if ''an intention to the contrary clearly'' appeared in the will before us. But to our minds the intention of the testator as expressed in his will is in full accord with the presumption declared by this rule.

[2] It seems to us that the language used clearly shows the desire of the testator to presently vest in his six children, share and share alike, all of his property that at the death of his wife shall not have been used ''for her comfortable living and support.'' The gift to the wife is limited to ''all of the income and so much of the principal as may be necessary for her comfortable living and support so long as she lives,'' the executors being directed to pay to her monthly, so long as she lives, sufficient funds for such living and support, and as trustees for that purpose to hold and manage all of the property. ''All the rest, residue and remainder'' of his property he gives, devises, and bequeaths in equal one-sixth parts to his six children, specifically naming each one as the recipient of a one-sixth part. There is absolutely nothing in the will upon which to found a suggestion that this *gift* to the children, as distinguished from the possession and enjoyment of the property given, was to be postponed to the time of the death of the wife, except the words preceding the words of disposition, viz.: ''Upon the death of my wife Sarah Ritzman, I give,'' etc. But these words, coming immediately after the limited disposition to the wife for ''so long as she lives,'' and used in connection with the gift of the remainder, clearly appear to us to have been used simply as defining the time of commencement of the enjoyment of the property given. Such words so used are usually taken as in no way indicative of an intent to postpone the vesting in right, and ''as relating to the time of taking effect in possession and not to the time of taking effect in interest.''

(*Norton* v. *Mortensen,* 88 Conn. 28, 36, [89 Atl. 882, 885]. See, also, *Lingo* v. *Smith,* 174 Iowa, 461, 468, [156 N. W. 402].) We have also in this will the division of the residue into *six* equal parts, and the separate specific absolute gift of a one-sixth part to each of the six children, by name, without any words indicative of the idea of a possible lapse of the disposition as to any child. We have further the provision as to any debt due deceased from any heir, allowing the indebtedness to continue during the life of the wife, such indebtedness to be taken upon the death of the wife "out of the share due to such child," clearly implying the idea in the testator's mind of the certain existence at that time of a one-sixth share in the residue due to the child so indebted to him, from which the indebtedness can surely be paid.

As is apparent from what we have said, we are of opinion that the conclusion of the learned judge of the trial court is correct.

The decree is affirmed.

Shaw, J., Shurtleff, J., Sloane, J., Lennon, J., and Lawlor, J., concurred.