[L. A. No. 608.　Department Two.—May 29, 1899.]

In the Matter of the Estate of CHARLES A. STEELE, Deceased.　WILLIAM M. STEELE et al., Appellants, v. VIOLA A. STEELE et al., Respondents.

Trust under Will—Suspension of Power of Alienation.—A trust created by will to pay one-third of the net annual income of the trust estate to the widow for life, such income and one-third of the principal, upon her death, to inure to the benefit of three minor children named, and to pay the income of the residue of the estate for their benefit in equal shares, during minority, and one-ninth of the estate to each of them at majority, based upon an appraisement to be made at the majority of the eldest, and the residue in equal shares to each of them upon attaining the age of twenty-five years, based upon a like appraisement, does not create a perpetuity, or suspend the power of alienation of the subject of the trust beyond the continuance of lives in being.

Id.—Possible Death of Beneficiaries—Failure of Trust for Want of Beneficiary.—The possible death of any of the children named before distribution made to them under the trust cannot affect the present validity of the trust; but, in the event of such death, the trust would merely fail and determine for want of a beneficiary as to the interest of any deceased child.　The trust is several and distinct as to each beneficiary, and does not survive the death of the beneficiary.

Id.—Failure of Appraisement—Death of Eldest Child.—If the appraisement required to be made at the majority of the eldest child, as a basis of distribution, should fail by reason of the prior death of such child, and it should result that no distribution could be made to the minor children, the trust, upon that supposition, would fail as to them, not by reason of its present invalidity, but upon a future contingency not within the prohibition of the statute.

Id.—Property not Vested until Distribution—Effect of Prior Death—Resulting Trust for Heirs of Testator.—The trust property does not vest in the beneficiaries until distribution, and upon the death of one or more of the children before distribution, the share of any deceased child does not vest in the cobeneficiaries, but the title thereto remains in the trustee as a resulting trust for the benefit of the heirs-at-law of the testator.

Id.—Object of Appraisement—Power of Court.—The provision directing an appraisement of the property is an administrative provision designed to carry out the obvious intention of the testator that an equal and just distribution of the trust property should be made.　The trustee might properly resort to such an appraisement had it not been mentioned in the will; and the court

may compel it upon the proper application of any party in-
terested.  The provision can by no possibility create a perpe-
tuity.

ID.—ACCUMULATIONS—DISTRIBUTION OF NET INCOME.—"Accumulations"
take place only where the rents, dividends, or other income is
treated by the trustee as capital and invested as such, and can-
not exist where the entire net income is distributed annually.

APPEAL from an order of the Superior Court of Los An-
geles County denying a petition for partial distribution of the
estate of a deceased person.  W. H. Clark, Judge.

The facts are stated in the opinion.

William J. Hunsaker, and N. P. Conrey, for Respondents.

The trust does not suspend the power of alienation by rea-
son of the supposable death of one, or more, or all, of the minor
beneficiaries before majority.  The trust would then merely
cease and determine as to the interest of the deceased bene-
ficiary or beneficiaries.  (Civ. Code, secs. 871, 2279; *Hendy's
Estate*, 118 Cal. 656; *Goldtree v. Thompson*, 79 Cal. 613; *Becker
v. Becker*, 43 N. Y. Supp. 17; *Montignani v. Blade*, 74 Hun, 297;
2 Beach on Trusts, sec. 760; 1 Perry on Trusts, sec. 160; *Crooke
v. County of Kings*, 97 N. Y. 421; *Schermerhorn v. Cotting*, 131
N. Y. 48.)

William P. Jones, and F. R. Willis, for Appellants.

A perpetuity is created by the will, by suspension of the
power of alienation for a fixed period, which may extend be-
yond lives in being.  (Civ. Code, secs. 715, 716; Lewis on Per-
petuities, 160; Chaplin on Suspension of Alienation, secs. 64,
123; *Estate of Cavarly*, 119 Cal. 406; *Crew v. Pratt*, 119 Cal.
139; *Estate of Walkerly*, 108 Cal. 627; *Hawley v. James*, 16
Wend. 61, 123; *Coster v. Lorillard*, 14 Wend. 303; *Hines v.
Van Schaick*, 20 Wend. 566; *Smith v. Edwards*, 88 N. Y. 92;
*Field v. Field*, 4 Sand. Ch. 529; *Boynton v. Hoyt*, 1 Denio, 54;
*Van Vechten v. Van Vechten*, 8 Paige, 110.

HAYNES, C.—This appeal is from an order denying appel-
lants' petition for a partial distribution of said estate.

The petitioners, W. M. Steele, Charles A. Steele, and Idella
D. Steele—appellants here—are children and heirs-at-law of said

testator, and who, by the terms of the will, were excluded from any participation in said estate. Their chief contention is that said will purports to vest said estate in a trustee for the benefit of the widow and certain other children of the testator, and that said trust is void under the provisions of the Civil Code against perpetuities.

Said will was executed January 27, 1897. After directing the payment of debts, funeral expenses, et cetera, and making a special bequest to his wife of furniture and other articles held for home and personal use, it bequeathed and devised to George B. Shaffer, as trustee, all the residue of his estate, in trust for the following purposes:

"(a) To pay and keep paid out of said trust estate all taxes, assessments and other necessary expenses and indebtedness incident to the management of the trust estate;

"(b) To sell, transfer and convey, upon such terms as he may deem to be for the benefit of the estate, any of the property thereof; and to keep the estate in the form of improved income-bringing real property or well-secured interest-bearing loans, giving preference to mortgages on improved realty;

"(c) To pay one-third of the net annual income in quarterly installments to my wife, Rose B. Wallace Steele, during the entire term of her natural life;

"(d) To pay to the guardian of the estate of my daughter, Viola A. Steele, during her minority, two-ninths of the net annual income of the trust estate;

"(e) To pay to the guardian of the estate of my daughter, Hazel A. Steele, during her minority, two-ninths of the net annual income of the trust estate;

"(f) To pay to the guardian of the estate of my son, Fred A. Steele, during his minority, two-ninths of the net annual income of the trust estate;

"(g) To pay to each of my said children, Viola, Hazel and Fred. as they respectively attain their legal majority, a sum of money equal to one-ninth of the value of the trust estate, as appraised under authority of the proper court at the time when the eldest of said three children shall attain her majority. Instead of money the said trustee shall have power to deliver to either of said children well-secured notes or bonds and mortgages, if the donee shall elect to accept the same;

"(h) To pay or deliver in like manner to each of said three children above named, as they shall respectively attain the age of twenty-five years, one-ninth of the value of the trust estate, as in like manner appraised at the time when the eldest of said three children shall attain the age of twenty-five years;

"(i) To pay to each of said three children above named, while they shall be respectively between the age of majority and the age of twenty-five years, one-ninth of the net annual income of the trust estate;

"(k) Upon the death of my said wife, Rose B. Wallace Steele, the portion of my estate not included in the foregoing provisions made for my three children above named shall be deemed to be included in and together with and as being a part of the said trust estate, for the exclusive use and benefit of said three children, Viola A., Hazel A. and Fred A. Steele, and shall, as to both income and principal, pass to the said three children above named, equally, share and share alike, at the same times and in like manner and proportions as have been hereinabove directly provided respecting the two-thirds of the estate first given for the benefit of said three children."

The will was admitted to probate in July, 1897, and Walter Lindley was duly appointed and qualified as executor on September 3, 1897.

Said petition for partial distribution was filed January 13, 1898, and objections thereto were duly filed by the executor, Walter Lindley, the trustee George B. Shaffer, and Viola A. Steele, Hazel A. Steele and Fred A. Steele, named in the will as beneficiaries under said trust; said beneficiaries, being minors, appeared by said G. B. Shaffer, their guardian.

The objections filed to the petition were that it did not state facts sufficient to authorize a decree of partial distribution, and that petitioners were not interested in said estate. Upon the hearing the court entered an order sustaining the objections and denying said petition, and from that order the petitioners appeal.

The principal question is whether this will is void under the following provisions of the Civil Code relating to perpetuities:

"Section 715. The absolute power of alienation cannot be suspended, by any limitation or condition whatever, for a longer

period than during the continuance of the lives of persons in being at the creation of the limitation or condition, except in the single case mentioned in section 772.

"Section 716.     Every future interest is void in its creation which, by any possibility, may suspend the absolute power of alienation for a longer period than is prescribed in this chapter. Such power of alienation is suspended when there are no persons in being by whom an absolute interest in possession can be conveyed.

"Section 771.     The suspension of all power to alienate the subject of a trust, other than a power to exchange it for other property to be held upon the same trust, or to sell it and reinvest the proceeds to be held upon the same trust, is a suspension of the power of alienation, within the meaning of section 715."

Where the trust is created by will the death of the testator is deemed the time of the creation of the limitation. (Civ. Code, sec. 749.)

"A perpetuity is any limitation or condition which may (not which will or must) take away or suspend the absolute power of alienation for a period beyond the continuance of lives in being. The absolute power of alienation is equivalent to the power of conveying an absolute fee." (*In re Walkerly*, 108 Cal. 647; 49 Am. St. Rep. 97.)     This is but a paraphrase of section 716, *supra*, which declares "void in its creation" every future interest which, "by any possibility, may suspend," et cetera. The statute does not permit us to wait and see whether events may not so transpire that in fact no perpetuity results, but if under the terms of the deed or will creating the trust, when properly construed, the instrument "by any possibility may suspend" the absolute power of alienation beyond the continuance of lives in being, the instrument, whether a deed or will, is void, and no trust is created nor any estate vested in the trustee. If the trust is valid, being an express trust, the beneficiaries take no estate or interest in the property, but may enforce the performance of the trust. (Civ. Code, sec. 863.)

The petition in this case alleged that Viola, Hazel and Fred, beneficiaries named in said will, were, at the date of filing said petition, all minors under the age of sixteen years, and in this

proceeding they all appeared by their guardian. Said petition was filed January 13, 1898.

By the terms of the will the trustee is directed to pay to the widow one-third of the net annual income during her natural life, and to the guardian of each of said three children, during the minority of each, two-ninths of the net annual income. Under item 3, subdivision (g), the trustee is directed to pay to each of said three children as they respectively attain majority one-ninth of the value of the trust property, the value to be ascertained by an appraisement "under authority of the proper court at the time when the eldest of said three children shall attain her majority." Under this provision, it is contended by appellants that no payment or distribution of the one-ninth of the *corpus* of the trust property could be made to any of the three children until the eldest child arrived at the age of majority, and that if she should die before majority there could be no distribution of the *corpus* of the trust, since there could be no distribution without appraisement, and no appraisement could then be made. To meet this contention respondents insist that the will should be construed as if it provided that the appraisement should be made when the eldest surviving child attained majority.

If appellant's contention is sound, the express trust created by the will would fail of its purpose, not because it was void in its creation, but because it became impossible of execution by the happening of a subsequent event, which, not having occurred, cannot be urged as a ground upon which the present invalidity of the trust can be predicated, *non constat* that she may attain the age of twenty-five years, and both appraisements be made as contemplated by the will. These considerations make it apparent that we need not consider whether respondents' construction of the will is correct or not. It must be apparent that appellants' present rights depend upon the present validity or invalidity of the will, and not upon future contingencies which are not within the prohibition of the statute.

The will makes no disposition of the property for a period longer than the continuance of lives in being. If the three children should all live until the whole of the property is distributed

to them, they would take an absolute title in fee, and could at once, or at any time thereafter, convey such absolute title at their pleasure without any limitation or restriction whatever. If they should all die before any distribution is made, the express trust created by the will for their benefit would fail for the want of beneficiaries, and so as to all property not distributed if they should all die after partial distribution; and the same would be true as to the interest of any one of the beneficiaries in case of his death.

Appellants further contend, however, that the trust must continue until the eldest daughter arrives at majority; that whether she lives or dies the trust must continue for a definite time; that as she may die before her majority, and as the trust must continue until the date at which she would attain her majority, if living, there is a time when the trust may exist which is not bounded by a life in being, there being no provision in the will by which the share or interest of any one of the three shall inure to the benefit of the survivor or survivors.

But the trust does not survive the death of the beneficiary, these trusts being several and distinct. If the language had been that an appraisement and distribution could not be made until the eldest child attained her majority, "or would attain her majority if living," a definite time would be fixed, not dependent on a life or lives in being, before which there could be no distribution, and in such case the trust would be void. In *Hendy's Estate*, 118 Cal. 656, it was said:

"But it matters not whether it be by express terms or by necessary construction that lives in being measure the duration of the trust. If it appear with certainty that the trust cannot longer continue, the law against perpetuities is not violated. Thus a trust to A until he arrives at the age of forty years would not violate the law, for every trust necessarily ceases when there is no beneficiary, and in the case instanced it is obvious that A's life is the ultimate and determinative measure of duration. In no event can the trust continue longer than his life; upon his death before reaching the age of forty years the trust determines for the lack of a beneficiary." (See, also, *Becker v. Becker*, 13 N. Y. App. Div. 342; 43 N. Y. Supp. 17.)

When distribution is made, and only to the extent it is made,

the trust property vests in the beneficiaries, and hence as to all property not distributed to the beneficiaries, or to either of them, during their respective lives, the express trust ceases and determines. Upon the death of one of the children before distribution, as to all property not distributed, his or her share does not pass to or vest in the cobeneficiaries under the trust, for the reason that until distribution such share is not vested in the beneficiary, but in the trustee. Under the terms of the will, however, the trustee is made the residuary legatee, and all property which under the express trust declared in the will fails to become vested in the beneficiary by reason of his death before distribution, vests in the trustee as a resulting trust for the benefit of the heirs-at-law of the testator, the ultimate disposition thereof under the express trust having failed.

In *Packard v. Marshall*, 138 Mass. 301, it is said: "When the purposes of a trust have failed, or have been completely performed, the trustees then hold the estate for the benefit of the heirs-at-law as a resulting trust, and are answerable to them for it upon proper proceedings." (Citing *Easterbrooks v. Tillinghast*, 5 Gray, 17; *Ackroyd v. Smithson*, 1 Brown Ch. 503; *Cox v. Parker*, 22 Beav. 168. See, also, 1 Perry on Trusts, 4th ed., sec. 160.)

A distinction should be taken between trusts which fail for want of beneficiaries, and trusts attempted to be created by will, but which are void under the statute against, perpetuities, or other statutes, and therefore vest no estate in the alleged trustee; while if the trust is valid when created, and afterward fails for the want of a beneficiary, a trust results in favor of the heirs of the testator; but as the heirs and trustee may at any time convey an absolute estate, the resulting trust is not within the statute against perpetuities. Whether this resulting trust would be for the benefit of the heirs generally, or for the benefit of the survivor or survivors of the three beneficiaries named in the will, is not considered or decided, our only purpose being to show that in no event is a perpetuity created.

It is contended, however, that the will provides for an appraisement when the eldest child attains her majority, and that if she should die before reaching majority no appraisement could be made, nor any distribution, since the distribution depends

upon the appraisement. The obvious intention of the testator was that an equal and just distribution of the trust property should be made. The provision directing an appraisement is an administrative provision designed to secure that end, and to which the trustee might properly have resorted had it not been mentioned in the will, or which the court, upon the proper application of any party interested, would compel. If we are right in these conclusions it is apparent that this provision of the will can by no possibility create a perpetuity, and it is for that purpose alone that it is here considered.

Appellants also contend that "accumulations beyond minority are void." But here there are no accumulations. Where the rents, dividends or other income is treated by the trustee as a capital, and he invests it, makes a new capital of the income derived therefrom and invests that, and so on, such capital and accrued income constitute "accumulations." Here the entire net income is distributed annually.

The uncertainties in the will, referred to by appellants, relate to the matters hereinbefore considered. We think it clear that the will is not void under the statute against perpetuities; that if all of the three children should live until after all the several distributions are made, viz., at majority, at the age of twenty-five, and upon the death of the widow, there would appear to be no uncertainty as to the disposition intended; that the only uncertainties arise out of contingencies that may never happen, and which can be considered here only for the purpose of determining whether the will is void; for, if void, the deceased died intestate as to the trust property, and petitioners are entitled to share in the estate; but if not void, while the trust may possibly fail as to the whole or parts of the trust property for want of beneficiaries, that fact does not show any present right in the petitioners.

I advise that the judgment be affirmed.

Britt, C., and Pringle, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.          Henshaw, J., Temple, J., McFarland, J.