[Civ. No. 9138.   First Appellate District, Division One.—January 29, 1934.]

In the Matter of the Estate of MARY C. HAMON, Deceased.  F. W. BROWN, Appellant, v. PAUL RUDOLPH, Trustee, etc., et al., Respondents.

George W. Patterson for Appellant.

Robert D. Luke, Lawrence A. Cowen and Bohnett, Hill & Cottrell for Respondents.

KNIGHT, J.—This appeal involves the interpretation of a trust clause of a will.

Mary C. Hamon, the testatrix, died in September, 1927, survived by seven adult children, a son and six daughters, one of whom was Edith I. Brown, the wife of appellant. The will provided first that all real property belonging to the estate be sold. The testatrix then bequeathed to six of her children, not including Mrs. Brown, a one-seventh interest each in her estate; and the remaining one-seventh, over which this controversy arises, she disposed of as follows: "Third: I give, devise and bequeath to Paul Rudolph, of San Jose, California, one-seventh (1–7) of all property, of whatsoever kind and wheresoever situated, of which I may die possessed, in trust, however, for purposes as follows: To invest and reinvest from time to time said trust fund and pay the income therefrom quarter-yearly, or oftener, as he may choose, to my daughter, Edith I. Brown. At the end of twenty (20) years from date of this will, or upon the death of the husband of my said daughter if death should occur prior to the end of said twenty (20) years, said Trustee shall deliver said trust fund to my said daughter, Edith I. Brown, to be her sole and separate property." The will was admitted to probate, and as nominated therein the seven children were appointed, respectively, the executor and the executrices thereof. In due course and in August, 1928, final distribution of the estate was granted in strict conformity with the provisions of the will, that is, six of the seven shares of the estate were distributed without restriction or limitation to six of the children; and the remaining one-seventh was distributed "To Paul Rudolph . . . in trust, however, for the

following purposes, to-wit: To invest and re-invest from time to time said trust fund and pay the income therefrom quarter-yearly or oftener, as he may choose, to Edith I. Brown'', etc., and then followed the exact wording of the remaining portion of the trust clause of the will. Approximately four years after the decree of final distribution was entered, Edith I. Brown died; whereupon her husband, F. W. Brown, as executor of her will, petitioned the court to terminate the trust and to distribute to him as such executor all the property belonging to the trust estate. The petition was denied, the court in its order declaring that said trust estate should be distributed to the six surviving heirs of Mary C. Hamon; from which order F. W. Brown, as such executor, has appealed.

As ground for reversal, he contends that title to the one-seventh interest bequeathed under the trust clause of the will vested in Edith I. Brown at the death of her mother, Mrs. Hamon, subject only ''to said trust estate for years and to future possession and enjoyment'', and that, therefore, said one-seventh interest was subject at all times to the testamentary disposition of or grant by Edith I. Brown.

We are of the opinion that, as held by the trial court, the terms of the will cannot be so construed, because nowhere in the trust clause nor elsewhere in the will is any language used indicating an intention on the part of the testatrix to vest present title to the trust property in Edith I. Brown. On the contrary, as will be noted, by express terms the testatrix bequeathed said one-seventh interest to Paul Rudolph, as trustee, and not to Edith I. Brown, showing a clear intention to vest title in the trustee during the period of the trust, and to make Edith I. Brown merely the beneficiary thereof during such period. At the end of twenty years, if living, or sooner in the event of the death of her husband, she was to become the absolute owner of said trust fund; but during the period of the trust her status as beneficiary carried with it no investiture of title. As declared in *Estate of Troy*, 214 Cal. 53, 56 [3 Pac. (2d) 930]: ''It may be taken as settled by the decisions in this state that the beneficiary of a trust takes no estate in the property itself and that title vests in the trustee with the right in the beneficiary to enforce performance of the

trust"; which is, in substance, a restatement of the legal principle embodied in section 863 of the Civil Code. Another case holding to the same effect is *Estate of Steele,* 124 Cal. 533 [57 Pac. 564].

Appellant has devoted much of his argument to a discussion of the theory of a vested remainder, and in furtherance thereof has cited numerous authorities. We have given full consideration to this theory and examined the authorities cited in support of it, but find nothing therein which would warrant the conclusion that the trust clause here involved created a remainder of any kind. In *Estate of Ritzman,* 186 Cal. 567 [199 Pac. 783], one of the cases strongly relied on by appellant, there was no devise nor bequest made to the trustee, as there was in the present case. In another, *Miller* v. *Oliver,* 54 Cal. App. 495 [202 Pac. 168], there was no trust clause involved, it being admitted that the interest in controversy was "what is known as a 'remainder' ", the dispute arising over the question of whether it was a vested or a contingent remainder. And the facts stated *In re De Vries,* 17 Cal. App. 184 [119 Pac. 109], show that it is essentially different from the present case.

Therefore, Edith I. Brown, the beneficiary of the trust estate, having died before the lapse of the twenty-year period fixed for the duration of the trust, and not having survived her husband, the trust failed; and no disposition of said trust estate having been made by the testatrix in the event of such failure, the trustee of the express trust became, by operation of law, the trustee of a resulting trust for the benefit of all the heirs at law of the testatrix, one of whom was Edith I. Brown. (*Estate of Steele, supra.*)

Respondents concede, therefore, that appellant, as the legal representative of the estate of Edith I. Brown, deceased, was entitled to have the trust terminated and to receive one-seventh of said trust fund; and they have stipulated in their briefs that the trial court be directed to modify its order accordingly. It appears from the record, however, that the trial court denied appellant's petition *in toto,* and held that the trust fund "should be distributed, in settling the estate of Mary C. Hamon, deceased, to the six surviving heirs of said Mary C. Hamon, deceased". Consequently, the order thus made cannot be modified. It must be re-

versed, and it is so ordered, with directions to the trial court to enter a new order granting that portion of appellant's petition praying for the termination of the trust, and thereupon to distribute the trust fund in the proportions stipulated by respondents and in conformity with the views herein expressed.

Tyler, P. J., and Cashin, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 29, 1934.