[Civ. No. 11661.   First Dist., Div. Two.   Oct. 3, 1941.]

CECIL COOKE CALDWELL et al., Respondents, v. OUIDA CALDWELL ROSENBERG, Appellant.

144

Maurice Rose for Appellant.

L. W. Wrixon and Ridley D. Stone, Jr., for Respondents.

NOURSE, P. J.—The plaintiffs sued for declaratory relief and had judgment on the pleadings after an order striking out the answer of the defendant Rosenberg on the ground that it tendered no triable issue of fact. Her appeal from the judgment presents a question of law alone—whether the complaint pleaded a cause of action for declaratory relief.

Plaintiff Cecil Cooke Caldwell and defendant Rosenberg are brother and sister, the two children of Mary S. Caldwell. The latter is a niece of Hannah N. Haviland, deceased. The

latter by will devised an estate in trust for the benefit of Mary S. Caldwell during her life, the remainder to "vest in and become the property of the children of said Mary S. Caldwell then living, share and share alike." The trustee (which is named as a party defendant, but does not appear) took possession of the property following the death of the testator in 1919, and has continued to administer the trust in accordance with the terms of the will. In September, 1925, the brother and sister executed a contract in writing referring to the trust created by the will and reciting: "We are both married and have children and it is our desire that in case one of us should die before our mother that our family receive our portion of this trust fund rather than that the entire fund go to the one living at the time of our mother's death.

"We therefore enter into this agreement and declare it our wish that one half of the aforementioned estate become the property of the heirs of the one of us who may be deceased at the time of our mother's death.

"We each of us therefore renounce one half interest in this estate and declare and promise to each other that we will carry out the provisions of this agreement."

Within one year preceding the commencement of the action in July, 1940, defendant Rosenberg declared to plaintiff Cecil Caldwell that the said agreement was invalid, that she no longer considered herself obligated by the provisions of the agreement but that she would, in the event that said plaintiff should predecease the life beneficiary, claim the entire estate in her own right free of trust.

The trial court's judgment sustained the validity of the agreement and held each party bound by its terms to hold one-half of the trust property received by him or her upon the death of the life beneficiary for the benefit of the heirs of the other party, in the event that either party should have predeceased the life beneficiary.

The appellant states two grounds in her attack upon the judgment: (1) whether the facts pleaded disclose an actual controversy within the meaning of section 1060 of the Code of Civil Procedure, and (2) whether either party is obligated under the terms of the agreement to hold the property in trust for the heirs of the other.

The first question must be answered in the affirmative. By the terms of the will each party was given a future interest, whether vested or contingent we need not decide, but in any event an interest, or estate, which may pass by "succession, will, and transfer, in the same manner as present interests." (Section 699, Civil Code.) At the time the agreement was executed each party held a future interest, or a contingent remainder as they term it, which was a present legal or equitable right in the estate, contingent only upon their surviving the life beneficiary. This estate was subject to transfer or assignment and either party might have waived his entire interest in the remainder for a sufficient consideration. (*Gray* v. *Union Trust Co.,* 171 Cal. 637, 642 [154 Pac. 3067], *Bridge* v. *Kedon,* 163 Cal. 493, 496 [126 Pac. 149, 43 L. R. A. (N. S.) 404].) The agreement must therefore be held a valid release or assignment of each party, the one to the other, of the future interest to take all the remainder in the event that either one should predecease the life beneficiary.

The question whether an actual controversy exists is a simple one. The parties are so far apart in their interpretation of the contract, and upon the question of its validity, that the controversy runs through all the briefs. But the appellant insists that the controversy is not "actual" within the meaning of the code section, because the "contingency" may never arise. It is true that if the life beneficiary should predecease both of these parties there would be no call for the operation of the agreement. But there can be no denial that these contingent remainders constitute a present legal or equitable right which the parties have the right to protect and preserve under section 863 of the Civil Code. Thus the complaint states a proper case for declaratory relief. (*Frasch* v. *London & Lancashire F. Ins. Co.,* 213 Cal. 219, 225 [2 Pac. (2d) 147].)

The question of the propriety of that portion of the judgment decreeing that the party surviving the life beneficiary should hold one-half of the trust property in trust for the heirs of the other predeceased party is not a serious one. If the appellant should predecease her brother, and the life beneficiary as well, it would be to the benefit of her heirs that such trust be imposed. In that event she would suffer no prejudice from that portion of the decree and would

be in no position to attack it. On the other hand, if the brother should predecease her, and the life beneficiary as well, and all the trust property should be distributed to her for some reason which we cannot foresee, she would hold as a constructive trustee, if the portions of the decree under attack were wholly eliminated. The situation then would be like that arising under a contract providing for the execution of mutual wills. If one of the parties fails to execute a will as agreed the potential beneficiaries may claim under the contract (*Estate of Rath,* 10 Cal. (2d) 399, 404 [75 Pac. (2d) 509, 115 A. L. R. 836]), and may sue for specific performance of the contract, or, as said in *Notten* v. *Mensing,* 3 Cal. (2d) 469, 473 [45 Pac. (2d) 198], for a sort of *"quasi*-specific performance,'' if the contracting parties are deceased. The theory upon which the cases rest is that the party who receives the estate becomes a constructive trustee for the intended beneficiaries ''in accordance with the terms of the contract.'' These cases are reviewed in *Sonnicksen* v. *Sonnicksen,* 45 Cal. App. (2d) 46 [113 Pac. (2d) 495].

Under these authorities, if we may assume that the entire estate might be distributed to the appellant upon the death of the life beneficiary, she would hold as a constructive trustee for the benefit of the heirs of her brother. She then would be in no better position than she would be, under the same circumstances, because of the provisions of the decree declaring that, in that event, she would hold ''as trustee.'' Hence, it would serve no useful purpose to determine whether the document is a valid declaration of an express trust. Appellant's rights and liabilities would be the same under either theory.

We find no error in the record.

The judgment is affirmed.

Spence, J., and Dooling, J. *pro tem.,* concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 1, 1941.