[Civ. No. 11760.  First Dist., Div. One.  May 21, 1943.]

THE ANGLO CALIFORNIA NATIONAL BANK OF SAN FRANCISCO (a National Banking Corporation), Plaintiff, v. WILLIAM E. KIDD, Appellant; LOUIS L. LEVY, Respondent.

William Sea, Jr., for Appellant.

Henry Gross and John O'Gara for Respondent.

WARD, J.—This action in interpleader was brought by plaintiff bank. The conflicting claimants are respondent Louis L. Levy and appellant William E. Kidd. A motion for diminution of the record, interposed by appellant prior to submission of the cause, was granted. In the determination

of the appeal all additional records, affidavits, etc., have been considered.

The complaint of the bank, trustee under the will of Edith Lindow, alleged that the superior court in the matter of her estate "made and entered its amended decree of final distribution, whereby it ordered distributed to Anglo-California Trust Company, this plaintiff's predecessor in interest, certain property belonging to the Estate of said decedent, Edith Lindow, in trust for certain purposes therein set forth, namely, that said trustees should pay the income from the principal of said fund to Carl W. Lindow, a son of said decedent, annually until he attains the age of thirty years, and upon his reaching the age of thirty years, the said trustee should pay and deliver the principal sum to him. [It is further alleged] That the said Carl W. Lindow is now living and is of the age of thirty years. That the said fund and the said property, after accountings duly made to this court, consists of the items" enumerated in an exhibit attached to the complaint.

As the result of a judgment obtained in 1933 against Carl Lindow in the amount of $464.50, seven writs of execution were issued. There was partial satisfaction thereof on two occasions in the amounts of $129.52 and $3.95. Following the sixth execution, the sheriff purported to sell on August 16, 1935, all the right, title and interest of the son in the estate of his mother, worth several thousand dollars, for the sum of $5.00. The purchasers (judgment creditors), who had in 1933 assigned their judgment to appellant Kidd, also assigned to him all their right, title and interest in the certificate of sale. The sale occurred over two years before the time Carl Lindow reached the age of thirty years.

Respondent Levy is the assignee of Carl Lindow and of other assignees of the son, covering all his right, title and interest in and to the trust fund and property. The court found that all except two of such assignments were made for a valuable consideration. As to the two, it made no finding in that regard.

The first five executions may be disregarded. At the time of the sixth execution on July 24, 1935, more than one year had elapsed since the issuance of each of them. The property was not in the hands of an executor or administrator; it had been distributed to the trustee in 1928. The vitality of

the first five executions had terminated. (Code Civ. Proc., sec. 688.) The seventh execution was issued after Carl Lindow had reached the age of thirty years, prior to which time he had assigned and released to Levy and others the corpus and income of his mother's estate.

It is the contention of respondent that the interest of Carl Lindow at the time of the sixth execution (the only one necessary to consider here), more than two years before he reached the age of thirty years, was a contingent interest; and that the purported sale by the sheriff had no legal effect upon the principal of the trust. In view of the facts this contention must be upheld.

The language of the amended decree of distribution which is determinative of the terms of the will (*Estate of Easterday,* 45 Cal.App.2d 598 [114 P.2d 669]) indicates that the properties of the decedent were distributed to the trustee subject to conditions subsequent, namely, termination when Carl Lindow reached the age of thirty years, or before that period in case of his death, in which latter event the estate should vest in other named parties. Carl's interest was not a present, but a future, interest; not vested but contingent. Until he reached the age of thirty years his only interest or title was in the income. (*Estate of Blake,* 157 Cal. 448 [108 P. 287]; *San Diego Trust etc. Bank* v. *Heustis,* 121 Cal.App. 675 [10 P.2d 158].) He had the privilege of disposing by sale, transfer or otherwise of his contingent interest in the corpus of the trust (*Estate of Easterday, supra*), but during the existence thereof there was no investiture of title to the property in Carl. (*Estate of Troy,* 214 Cal. 53 [3 P.2d 930]; *Estate of Hamon,* 136 Cal.App. 517 [29 P.2d 326].) Under such condition the beneficiary has no vested interest but may enforce the performance of the trust (Civ. Code, sec. 863) if the contingency affecting his interest actually occurs. (Blackstone Commentaries, Jones Edition, Book II, pp. *169, *170, *171.)

A postponement of payment does not *ipso facto* create a future contingency. The nature of the contingency is dependent upon the language used describing it, and circumstances surrounding the making of the bequest. In the present instance the testator devised the legal title to the trustee—the trust to terminate in the event of Carl's death before he reached the age of thirty years, in which event

the trust property was to go, not to the estate of Carl, but in the event he left no lawful issue, to certain designated persons. Under such provision the estate in fee in the whole property could not vest in Carl unless he reached thirty years of age. Attaining that age was a condition precedent. (*Estate of Blake, supra; San Diego Trust etc. Bank* v. *Heustis, supra; In re Rogers,* 94 Cal. 526 [29 P. 962].)

Appellant seems to take the position that the interest of the testatrix' son is not contingent, but, rather, a vested interest, liable to divest on the contingency of the son's death before reaching the age of thirty years. The objections to execution upon a contingent future interest apply equally where the interest is vested but likely to divest on the happening of a condition subsequent. It cannot be known in advance whether the trust funds, aside from possible income for an indefinite period, will come into possession and enjoyment. Appellant's argument and the citations submitted thereon—that the interest is a vested one, liable to divest rather than a contingent interest—is not convincing. In two of the cases cited (*Estate of Blake, supra,* and *San Diego Trust etc. Bank* v. *Heustis, supra*), the interest was held to be contingent rather than vested.

█ A contingent interest, depending as it does upon a dubious or uncertain event, is not subject to execution until reduced to possession. (Freeman on Executions, vol. 2, sec. 178, p. 905; 23 R.C.L., sec. 133, p. 578; 69 C.J. (Wills), sec. 2611, p. 1247; *San Diego Trust etc. Bank* v. *Heustis, supra; Kelly* v. *Kelly,* 11 Cal.2d 356 [79 P.2d 1059].) The rule is sound, based upon the well-known fact that ordinarily on a forced sale of such an interest a nominal price only is obtained, to the injury of the judgment debtor.

█ The above rule does not prohibit the outright sale or transfer of the uncertain, prospective interest of a legatee providing the sale or assignment is fair and not against public policy. This rule of equity is recognized notwithstanding the rules set forth in Civil Code, sections 700, 703, 1045. (*Bridge* v. *Kedon,* 163 Cal. 493 [126 P. 149, 43 L.R.A.N.S. 404]; *Kelly* v. *Kelly, supra; Caldwell* v. *Rosenberg,* 47 Cal. App.2d 143 [117 P.2d 366]; *Cannon* v. *Chapman,* 24 Cal. App.2d 448 [75 P.2d 522].)

█ The form of a written, equitable transfer or assignment, based upon valuable and reasonable consideration, is

not important if the intention of the transferor is ascertainable and the instrument is actually delivered. (*McKay* v. *Security-First Nat. Bank,* 35 Cal.App.2d 349 [96 P.2d 376]; *Goldman* v. *Murray,* 164 Cal. 419 [129 P. 462].) In the present case there is no question of a verbal gift. Carl executed written assignments to various parties. Assuming that some of them were not in generally accepted form, still the findings of the trial court, based upon substantial evidence, such as subsequent releases, are binding on a reviewing court. (*McKay* v. *Security-First Nat. Bank, supra.*)

■ Appellant also urges that the levies would reach the income if not the corpus. The findings are to the effect that on June 18, 1938, there was a balance of income on deposit of $755.78. It was incumbent upon appellant to prove any part of this amount, other than the sum of $3.95 upon which execution was levied, to have been in the hands of the trustee at the time of the sixth execution. The terms of the trust required payment of the income annually to Carl Lindow. No further writs of execution were issued between the sixth and the date when he reached the age of thirty years.

Assuming the possibility that the writ of July 24, 1935, would reach subsequent income, the writ was not effective for more than three years. (Code Civ. Proc., sec. 542b.) The present action was brought in August, 1938.

■ It is contended that the court erred in denying a motion to set aside the submission of the case. Appellant wished to show that in a former action, in which some of the parties herein were involved, there was certain testimony relative to an assignment to Russell that might be of advantage to appellant here. The action referred to was tried in 1934. The levy of 1935 was ineffective and the assignments operative. The testimony sought to be introduced appears immaterial. Assuming its materiality, however, no plausible reason was offered why it was not introduced during the present trial.

Appellant also notes that respondent failed to answer appellant's cross-complaint. Respondent answered the complaint in interpleader and filed a cross-complaint. Appellant filed an answer to the original complaint and an answer to the cross-complaint of respondent. Assuming that such failure was tantamount to an admission of certain allegations, in view of other pleadings it was certainly not a concession

that judgment should be entered on those facts. No objection was presented by appellant during the trial and no request made to enter a default judgment on the cross-complaint. It does not appear that if a formal answer to appellant's cross-complaint had been filed a different judgment could have been rendered.

Other objections by appellant are trivial and technical; none of them would warrant a reversal. This case resolves itself upon the principle that the interest in the trust corpus, as found by the trial court, was contingent and not subject to execution.

The judgment is affirmed.

Peters, P. J., and Knight, J., concurred.

A petition for a rehearing was denied June 19, 1943, and appellant's petition for a hearing by the Supreme Court was denied July 19, 1943.