BELLOC v. ROGERS, ADMINISTRATOR, et al.

Where a plaintiff in an action to foreclose a mortgage against a party who has died since the service of the summons, and before judgment, asks for a decree of sale of the mortgaged premises, and if the same is not sufficient to discharge the debt, then for a judgment over against the estate, the administrator is a necessary party to the suit.

A suit for the foreclosure of a mortgage is peculiarly an equity proceeeding; and when a District Court gains jurisdiction of the case for the purpose of foreclosure, it has the right to give full relief; and for this purpose to decree and execute a sale of the mortgaged premises.    But when the claim has been presented to the administrator and Probate Court, and allowed, it is otherwise.

APPEAL from the District Court of the Fourth Judicial District, County of San Francisco.

The facts appear in the opinion of the Court.

*Daniel Rogers* for Appellant.

*Halleck, Peachy & Billings, and Gregory Yale,* for Respondents.
  In this case the equity of redemption had passed from the mortgagor to the purchasers, under the foreclosure of the second mortgage, and the administrator was made a party, solely on the ground that the complaint asked for a judgment against the estate of Saroni for the deficiency.

  By section two hundred and sixty of the Practice Act, a mortgage, it is declared, should not be deemed a conveyance, whatever may be its terms, so as to enable the mortgagee to recover possession of the mortgaged premises without a foreclosure and sale; and by section two hundred and forty-six, the Court has power by its judgment to direct the sale of the property.    After the time for redemption expires, the purchaser is entitled to the sheriff's deed.    That deed divests the equity in the mortgagor, and vests it in the purchaser.    In this case, the second mortgagees were the purchasers.

  The practical difficulty resulting from a sale under an order of the Probate Court, is, that the administrator executes a deed after the confirmation of the sale by the Court, the terms of which are limited and restricted by the statute.    The deed shall be deemed to convey all the right, title, interest, and estate, of the testator, or intestate, in the premises at the time of his death.    (§ 172 of act relating to estates, as amended by the

act of February 1st, 1856.) Such a deed could not convey the interest of the mortgagor at the date of the mortgage. The plaintiff is entitled, to the extent of his contract, to a lien on the land from the date of the mortgage. In this case the second mortgagee would cast out the rights of the plaintiff under the first.

The administrator cannot extend the terms of the lien, beyond the limitation fixed by the statute under which he acts. The second mortgagees are now in possession under the purchase at the sale subject to the first mortgage. How could they be ejected, under such a deed from the administrator?

As to the effect and operation of an administrator's deed, counsel refers to brief filed in the case of Halleck v. Grey, submitted at the October Term. Section one hundred and forty-eight, of the act relating to estates, provides that "no sale of any estate shall be valid, unless made under an order of the Probate Court." This provision simply denies the right to the administrator, or executor, to sell without the authority of the Court.

BURNETT, J.—Charles S. Saroni executed two mortgages, the first to the plaintiff, and the second to the defendants Stetson, Wilkinson, and Sawyer. The mortgagees in the second mortgage foreclosed their mortgage, sold and purchased the premises, and received a deed from the sheriff. The plaintiff then brought his suit to foreclose, making Saroni and the second mortgagees parties, and had personal service upon Saroni; but, before judgment, Saroni was lost on the Central America. The defendant Rogers, having administered upon the estate, the claim was presented to him, and rejected, and he was then made a party, by a supplemental bill. The District Court rendered a decree for the amount of the mortgage-debt, and for a sale of the mortgaged premises; and, in case the proceeds were not sufficient, then a judgment for the residue. From that part of the decree ordering a sale, the administrator appeals to this Court.

This suit is an amicable one, in which the facts are all admitted. The amount of the debt being some twenty thousand dollars, and the mortgaged property hardly of sufficient value to pay it, the parties interested are anxious to remove all doubt as to the title that may be acquired under the sale.

Before proceeding to examine the important and difficult question submitted to this Court for decision, we may state that, when the former decision was made, there were no briefs filed, or references to authority, statutory or otherwise. The late Chief Justice, in one of his opinions, spoke of such a practice as being erroneous, and as imposing upon the Court either the necessity of making a hasty decision, or the labor of looking up authorities. If parties themselves have sufficient doubt of the correctness of a decision, and sufficient interest in the matter to

Belloc *v.* Rogers.

induce them to bring up the case before this Court, they must file briefs and references to authorities; otherwise we will not undertake the investigation of the case, so long as all our time is demanded by the other business of the Court.

The only question for this Court to determine is, whether the facts admitted, " showing the first and second mortgage, and the sale of the equity of redemption under the second mortgage, the estate of Saroni had such an interest in the premises as to render it necessary that the Probate Court should order the sale, upon the application of the administrator, or of the plaintiff, and to oust the District Court of jurisdiction to order a sale."

The first question is, whether there is any substantial difference (so far as regards the exclusive jurisdiction of the Probate Court) between this case, and a case where the equity of redemption belongs to the estate. At common law, a mortgage vested the legal title in the mortgagee, subject to be defeated by the performance of the condition subsequent. But this theory is entirely changed by our system, and the legal title remains with the mortgagor, subject to be divested by a foreclosure and sale. And, when regularly sold, the purchaser obtains whatever title was in the mortgagor at the instant of time when he executed the mortgage. In the case of Bigelow *v.* Bush, (6 Paige, 345,) it was decided, by Chancellor Walworth, that where the mortgagor had, absolutely, and *without warranty*, subsequently sold his interest in the premises, he was not a necessary party, unless the mortgagee wished a decree over against him for the residue; and that the grantee of the mortgagor could not complain if the mortgagor was not made a party, for the reason that the grantee could not be injured. The property mortgaged was primarily liable for the debt, and the grantee of the mortgagor took it subject to that primary liability. If the mortgagor had sold with warranty, or had the mortgagee demanded a decree for the residue, then he would have been a necessary party.

The reason upon which this decision is based is very satisfactory. As the mortgagee asked no more than the value of the property mortgaged, and sought no personal judgment over against the mortgagor, the latter having sold his remaining interest in the property, he had no interest either in the amount of the judgment, or in the sale of the property.

But it would seem that this decision is against the position taken by the counsel of the plaintiff.

If the plaintiff in this case had looked only to the mortgaged property for his debt, then the estate could have no interest, either in the amount of the judgment or in the sale of the property; and the administrator would not have been a necessary party. But when the plaintiff asks for a decree of sale, and then a judgment over against the estate, the administrator has an in-

terest, not only in the amount of the judgment, but in the sale of the property. The amount of the residue, for which the other property of the estate would be liable, depended upon the sale made under the decree; and the administrator, therefore, was a necessary party, and was deeply interested in the mode in which the sale should be conducted.

In a case like this, the plaintiff had his election to release the estate from all further liability. Had he done so, then the property mortgaged would not have been assets in the hands of the administrator. But while he held the estate responsible for the full amount of the claim, the property must be assets. The estate, in such a case, owes the *entire* debt; and a part of the assets, out of which to pay it, is the property mortgaged.' The mortgage-creditor could only do one of two things—either make the debt and property compensate and balance each other, or keep the claim as his own, and leave the premises the property of the estate, subject to his prior lien. It would seem clear that had the administrator and the Probate Judge admitted the claim, then the administrator could have sold the property under the order of the Probate Court. This he could not do unless it was the property of the estate. And when, by the decree of the District Court, the property is sold, it must be sold *as the property* of the estate. Had the plaintiff only sought to make the property liable, and not the estate, for the residue, and only filed his bill against the purchasers under the second mortgage, the death of Saroni would not have been mentioned in the complaint. And had not these subsequent purchasers desired a sale, it is not certain that any sale would have been required, but that the decree might have stood in the place of a deed. The sale would seem to be only a part of the remedy, that may be omitted in proper cases.

We can see no substantial difference between this case and a case where the estate owns the equity of redemption. The difference is only in degree, and not in principle. The sale under the second mortgage was without warranty, and only conveyed to the purchasers the right to redeem, or the right to the surplus proceeds. It left the estate deeply interested in the mortgaged premises. Suppose the estate had ample means to pay all the debts, and that the plaintiff had wished to abandon his mortgage, and present his claim as a simple debt against the estate; would the law have allowed him to do so? And if the law had allowed him to do so, would the entire title have vested in the purchasers under the second mortgage, and the estate thus have lost the value of the mortgaged premises or the amount of the debt? Under the theory that the mortgaged property was not assets, this could have been done. The subsequent sale by the mortgagor, without warranty, only conveys whatever right he has at the time; and his right to have the mortgaged property

sold, and the proceeds applied to the mortgage-debt, is no more divested in such a case than the rights of the mortgagee.

The next question to determine is, whether the District Court, having regularly acquired jurisdiction of a suit against an administrator or executor, to foreclose a mortgage, can decree a sale of the mortgaged premises.

Under the provisions of the act to regulate the settlement of the estates of deceased persons, all claims must be presented to the administrator or executor, for allowance. If rejected by him, the creditor may bring his suit in the proper Court; but the only effect of a judgment against an administrator, upon any claim for money, shall be to establish the claim in the same manner as if it had been allowed by the administrator and the Probate Judge. Upon a judgment rendered against the deceased in his lifetime, no execution can issue; but where an execution is issued before the death of the decedent, and actually levied, the property may be sold under it. (§§ 140, 141.)

It may be said, with much apparent reason, that these provisions, relating to the effect of a judgment against the administrator, are confined simply to money judgments, and not to decrees for the sale of mortgaged property. In cases of executions levied, and in cases of mortgages, there exists a lien upon specific property; and as the act allows the sale of the property upon which the lien of the execution has attached by the levy, a sale under the decree of foreclosure should be allowed for the same reason. But to this it may be answered that a judgment obtained against the deceased before his death is a lien upon his property, which is not divested by his death; and yet the statute clearly requires the sale of such property to be made under the order of the Probate Court. It is true, the lien of the judgment is general, while that of the mortgage is upon particular property.

Section one hundred and forty-eight provides " that no sale of any property of an estate shall be valid unless made under order of the Probate Court." This language is negative and restrictive, general and comprehensive, and would seem to be very clear and explicit. We will suppose that the Legislature intended to prohibit all sales of property belonging to the estates of deceased persons, unless made under the order of the Probate Court. In that case, could language more plain and distinct have been used? Under the probate law of Texas, from which our system is mainly derived, it is "not lawful for any executor, or administrator, to sell the estate of his testator or intestate, unless under the directions of the will or the order of the Chief Justice." (Hart. D., p. 374, Art. 1177.) Here the prohibition only applies to sales made by executors and administrators; while our statute has omitted this limitation and has adopted the general negative and positive provisions of section one hundred

and forty-eight. But, besides this plain language, the act itself goes on to specify one exception to this general prohibition, namely: where an execution has been levied before the death of the deceased. The act, having assumed to point out the exception to the general rule, must be presumed to have intended no other exception but the one specified. If the law-maker attempts to set out exceptions to a general rule, he must be presumed, from the very nature of the act, to intend to complete his work, and not to leave it unfinished. (Bird *v.* Dennison, April Term, 1857.)

But there is no exception in favor of sales under decrees of foreclosure. On the contrary, there is an express provision (§ 186) in reference to sales made by the executor or administrator of property "subject to any mortgage or lien," which secures the prior rights of such creditors. In addition to these considerations, we may remark that the act subjects the sales of the real estate of the deceased to the confirmation of the Probate Court, after all parties interested have had an opportunity to make their objections. The real estate can only be sold after personal estate has proved to be insufficient. It is true that, under the peculiar facts of this case, the administrator could have no motive to prevent the sale of the mortgaged premises. But it is equally true, that the estate has every interest in securing a sale for its full value, as the other property of the estate, both real and personal, will be responsible for the residue. (§§ 170, 171.)

In opposition to this view, it is urged by the learned counsel for the plaintiff that an administrator's deed only conveys to the purchaser "all the right, title, interest, and estate, of the testator, or intestate, in the premises at the time of his death;" and that, consequently, if the sale of the mortgaged premises in this case be made by the administrator, the purchaser would not obtain the title the intestate had at the time he executed the mortgage, but only that which he had at the time of his death; that is, *none at all.* (§ 172.) This is certainly the legitimate result of the theory adopted by the learned counsel. But suppose the administrator and the Probate Judge had allowed the claim of plaintiff; would it have been then necessary to go into the District Court to procure a valid sale? And if a sale had been made by the order of the Probate Court, would not the purchaser have obtained the title the mortgagor had at the date of the mortgage? The true theory would seem to be, that a sale by an administrator or executor is made for the benefit of all the creditors, and in the order of their several priorities; and that, in the contemplation of the act, the title existing in the testator or intestate at the time he executed the mortgage, or suffered the judgment, still continued in the deceased at the time of his death,

for the purposes of administration, and passes to the purchaser under the probate sale.

Taking the different provisions of the act together, and it is indeed very difficult to resist the conclusion that no sale of property belonging to the estate of a deceased person can be valid under the act, unless made by order of the Probate Court, except in the case where an execution has been levied in the lifetime of the deceased.

But conceding, for the sake of the argument, that the construction we have given the act is correct, the question arises, whether the District Court has jurisdiction of such a case under the Constitution.   These Courts have " original jurisdiction, in law and equity, in all civil cases when the amount in dispute exceeds two hundred dollars, exclusive of interest."

In the case of Wilson v. Roach, (4 Cal. Rep., 366,) it was held by this Court, that " the District Courts of this State have the same control over the persons of minors, as well as their estates, that the Courts of Chancery in England possess; that this jurisdiction is conferred by the Constitution, and cannot be divested by any legislative enactment."   And in the case of Clark v Perry, (5 Cal. Rep., 60,) it was held, that " the Probate Court is a Court of special and limited jurisdiction," and that " most of the general powers belong peculiarly and originally to the Court of Chancery, which still retains all of its jurisdiction."

It is a favorite rule of equity, that when a Court of Chancery gains jurisdiction of a case for one purpose it will retain it for others, and not do justice by halves, and thus foster a multiplicity of suits.   A suit for the foreclosure of a mortgage is peculiarly an equity proceeding; and when the District Court gains jurisdiction of the case for the purpose of foreclosure, it has the right to give full relief; and, for this purpose, to decree and execute a sale of the mortgaged premises.   We do not mean, however, to say that, where the claim is allowed by the administrator and the Probate Judge, the mortgagee could still go into the District Court for an order of sale.

Upon a careful consideration of the case, we think the decree of the District Court should be affirmed.

FIELD, J.—I concur in the judgment of affirmance in this case, on the ground that the District Court, by the Constitution, possesses jurisdiction in all equity cases where the amount in dispute exceeds two hundred dollars, exclusive of interest, of which it cannot be divested by any legislative enactment.