ÆTNA LIFE INSURANCE COMPANY vs. VOLNEY W. MASON
et ux.

A took out a policy on his wife's life payable in four years to her if living, and if not living to himself. He paid the premiums, retained the policy, and received payments made upon it. She was living at the maturity of the policy, but had filed a petition for divorce.

A statute provided: "Any policy or policies of insurance or part thereof which shall not exceed in the aggregate the sum of ten thousand dollars, made by an insurance company on the life of any person, and expressed to be for the benefit of a married woman, whether effected by herself or by her husband, or by any other person on her behalf, shall enure to her separate use and benefit, independently of her husband and of his creditors and representatives, and also independently of any other person effecting the same on her behalf, his creditors and representatives, and such policy may be sued in the name of the person beneficially interested therein, or in the name of the representative of such person."

Held, that the wife was entitled to the amount due on the policy at its maturity.

BILL OF INTERPLEADER.

December 27, 1884. DURFEE, C. J. It appears in this case that on October 31, 1879, the plaintiff company issued its policy, numbered 32951, on the life of Annie M. Mason, wife of Volney W. Mason, payable by its terms to said Annie on October 31, 1883, if then living, and, if dead, to said Volney; that the said Annie is still living, and that on October 31, 1883, the policy matured, and the sum of $517.57 became payable on it. It further appears that meanwhile the said Annie has filed a petition for divorce from said Volney, that he has the policy, and that both he and she claim the amount due on it. In these circumstances the plaintiff company has filed a bill of interpleader, and, under a decree of the court, has paid the amount into the registry of the court, and the said Annie by her trustee, duly appointed, and the said Volney have interpleaded in regard to it. The said Volney avers that without consulting said Annie he procured the policy for his own purposes, paying all that has been paid by way of premiums or otherwise, and that said Annie never expressed or intimated any desire in regard to it. He also avers that the policy was never given to said Annie and was never in her possession, but was always kept by him; that the policy was originally for $2,500; that payments have been made from time to time, and always to himself, until the sum of $517.57 is all that remains due

thereon ; that said Annie never objected nor made any claim to said previous payments ; that he has always supposed that the policy was payable according to its terms to him except in case of his death, being payable in that case only to said Annie, and that he procured the policy for his own benefit and not for the benefit of any other person, except in the case of his decease before it should fall due. As the case is presented we are asked to decide whether these averments, supposing them to be true, make a case which entitles the said Volney to said $517.57.

Our statute, Pub. Stat. R. I. cap. 166, § 21, provides as follows, to wit:

" Any policy or policies of insurance or part thereof which shall not exceed in the aggregate the sum of ten thousand dollars, made by an insurance company on the life of any person, and expressed to be for the benefit of a married woman, whether effected by herself or by her husband, or by any other person on her behalf, shall enure to her separate use and benefit, independently of her husband and of his creditors and representatives, and also independently of any other person effecting the same on her behalf, his creditors and representatives, and such policy may be sued in the name of the person beneficially interested therein, or in the name of the representative of such person."

We think it is quite clear that under this provision, in the absence of any fraud or mistake, the policy must be taken to have enured to the benefit of the said Annie according to its terms, notwithstanding that it was never delivered to her, but was retained by her husband and was payable to him in case of her death before the time for payment. Hers was the primary right, he having no right if she survived the time for payment. Having survived, her right has become absolute. Indeed the cases go far to show that this would have been the effect without the statute. *Landrum* v. *Knowles*, 22 N. J. Eq. 594; *Ricker* v. *Charter Oak Life Ins. Co.* 27 Minn. 193, 195; *Fowler* v. *Butterly*, 78 N. Y. 68; *Pilcher* v. *N. Y. Life Ins. Co.* 33 La. An. 322, 330. But even if, without the statute, it would be possible for said Volney, he having paid for the policy, to prove a resulting trust in his favor against its terms by oral testimony, we think it would not be per-

missible under the statute, the statute being so positive and explicit. Any other construction would make the statute a cover for fraud.

Does the answer of said Volney show a case of fraud or mistake? There is clearly no fraud alleged. We do not think the answer shows a case for relief on the ground of mistake. It does not allege that the policy differs in its terms from what the parties intended. It simply alleges that said Volney supposed it was payable to him according to its terms, and not to his wife unless he died before it became payable. We do not see how he could possibly have supposed so, for he does not allege any ignorance of the terms; but if he did suppose so, he supposed so because he misunderstood the legal effect of plain and unambiguous words. There is ordinarily no remedy for such a mistake if the other parties be not to blame, and here no circumstances are alleged to take the case out of the ordinary rule. *Blackburn's case*, 8 De G., M. & G. 177 ; *Rashdall* v. *Ford*, L. R. 2 Eq. 750 ; *Farley* v. *Bryant*, 32 Me. 474, 483 ; *Dill* v. *Shahan*, 25 Ala. 694 ; *Lanning* v. *Carpenter*, 48 N. Y. 408 ; *Nelson* v. *Davis*, 40 Ind. 366 ; *Gerald* v. *Elley*, 45 Iowa, 222 ; Story's Eq. Juris. §§ 113, 116, 137 ; Kerr on Fraud and Mistake, 409, 428.

Our conclusion is that Annie M. Mason is entitled to the money in the registry of the court, and that a decree should be entered ordering its payment to her.                            *Decree accordingly.*

*Louis L. Angell*, for complainant and respondent the trustee of Annie M. Mason.

*James C. Collins*, for respondent Volney W. Mason.