In the Matter of the Petition of CHARLOTTE VAN HOUTEN SWORDS to Render and Settle Her Final Account as Executrix of ROBERT S. SWORDS, Also Known as ROBERT STANARD SWORDS, Deceased.

Surrogate's Court, Kings County, March, 1923.

**Wills — husband and wife — separation agreement — when wife may take under husband's will.**

A wife, in consideration of her husband's written agreement to accept a certain sum of money and relinquish all claim upon property in her name and not to annoy her in any way, relinquished in writing any and all claims against him or his real and personal estate and agreed to make no claim for alimony. *Held*, that the right of the wife to take property under the will of her husband made before the date of the separation agreement was not destroyed.

The separation agreement evidenced by said writing cannot be construed in any respect as a revocation of the will or of the benefit therein contained for the wife.

PROCEEDING to settle the accounts of an executrix.

*Barker D. Leich*, for executrix.

*Shiland, Hedges & Pelham*, for next of kin.

*Albert D. Schauzer*, special guardian.

*Goodbody, Danforth & Glenn*, for objecting creditor Charles Schroeder.

WINGATE, S.   The writings signed by Robert S. Swords and Charlotte N. Swords, husband and wife, bearing date November 26, 1921, are, in effect, an agreement for their separation. By the terms of this agreement the husband agreed to accept $1,500 and relinquished all claims upon property in his wife's name and promised not to annoy her in any way, while the wife in consideration of her husband agreeing to accept the $1,500 and relinquishing all claim against the property standing in her name, relinquished all and any claims against him or his real and personal estate, and agreed to make no claim for alimony against him. Whatever the validity of the agreement may have been, it was, so far as the wife was concerned, merely an attempt, effectual or otherwise, to release any claim of ownership which she had in property standing in his name, her right to support from him, and, further, to refrain from asking for alimony.

The husband, the decedent herein, had the legal right to dispose of his property by will, after, as well as before, such agreement was made, and his retention of the will, made before the date of the agreement, was a continued ratification thereof; and upon

his death the legacy to his wife contained in his will, speaking as of that time, became effective as a gift from him to her, with the same force as if such will was made after the date of the writings comprising the agreement mentioned. The paper signed by the wife at the time of the separation of herself and her husband, was not intended as and did not result in a satisfaction of her legacy under his will, and did not destroy her right to take the property devised to her by his will. Nor could it be construed in any respect as a revocation of his will or of the benefit therein contained for the wife.

The claim of Charles Schroeder is allowed as a charge against the estate in the sum of $511.60.

Submit decision and decree with notice of settlement.

Decreed accordingly.