[Civ. No. 7644. First Appellate District, Division Two.—November 5, 1930.]

J. B. ROTHSCHILD, Petitioner, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

Robert B. Gaylord for Petitioner.

Stanley Pedder and William S. Bayless for Respondents.

NOURSE, P. J.—Petitioner seeks an original writ of *mandamus* to compel Naomi Roloff to be sworn and to testify as a witness upon the taking of her deposition in an action pending in said court.

Arnold R. Roloff sued petitioner for damages for personal injuries resulting from a fall from a ladder on premises leased from petitioner. Pending the trial of the action peti-

tioner sought to take the deposition of plaintiff's wife, Naomi Roloff. She refused to testify on the ground that she was excused under the provisions of subdivision 1 of section 1881 of the Code of Civil Procedure. The material provisions of this section read: "A husband cannot be examined for or against his wife without her consent; nor a wife for or against her husband, without his consent; nor can either, during the marriage or afterward, be, without the consent of the other, examined as to any communication made by one to the other during the marriage. . . . "

Under the plain wording of the section it is manifest that if the husband is the sole party in interest in an action his wife may not be called to testify for or against him without his consent. Petitioner seeks to avoid this exemption on the ground that in the action here pending the wife has a present and existing interest because any judgment recovered by the husband would be the community property of the two spouses, and the wife, therefore, becomes a "person for whose immediate benefit" the action is prosecuted and hence one whose deposition may be taken under section 2021 of the Code of Civil Procedure.

It may be conceded that, since the addition of section 161a of the Civil Code, the wife has a "present, existing, and equal interest" in the community property with the husband. It may also be conceded that any recovery for personal injuries to either spouse sustained during coverture, as well as the chose in action to enforce recovery is community property. (*McFadden* v. *Santa Ana etc. Ry. Co.*, 87 Cal. 464, 468 [11 L. R. A. 252, 25 Pac. 681].) ■ Therefore, under the provisions of section 2021 of the Code of Civil Procedure, the wife is a "person for whose immediate benefit" the action is prosecuted when that action is one to enforce this community right to damages.

■ Thus, under the general provisions of section 2021 of the Code of Civil Procedure, relating to depositions, and under the general provisions of section 2055 of the Code of Civil Procedure, relating to the calling of adverse witnesses, the wife, in a suit of this character, is a proper and competent witness. But the provisions of section 1881 of the Code of Civil Procedure, above quoted, are special and must be read as exceptions to these general rules relating to the competency of witnesses. When, therefore, a wife is

called as a witness she may not be examined without the consent of her husband in any matter which is "for or against" him. This does not mean that the consent of the husband must be had if he is merely a nominal party plaintiff or defendant in an action in which in truth and fact the wife is the real party. (*Johnston* v. *St. Sure*, 50 Cal. App. 735, 737 [195 Pac. 947].) ■ But in a suit involving community property the husband, as well as the wife, is a real party in interest, and, unless these interests are capable of segregation so that the testimony can be confined to the separate interest of the spouse called the provisions of section 1881 of the Code of Civil Procedure, apply. It is difficult to conceive of a case involving the community property of both spouses where the testimony of one spouse would not be "for or against" the other, but we do not wish to be understood as holding that, if a case should arise where the testimony of one spouse could be confined to his or her own interest in the litigation, and would not be "for or against" the other spouse, such testimony would not be competent without the consent of the other spouse.

■ We may add that we reach the views herein announced the more readily because we find that the remaining portions of section 1881 of the Code of Civil Procedure, contain many exceptions to this rule of privilege as between husband and wife, but do not include a case involving the community interests. Bearing in mind that the competency of witnesses in legal proceedings is a matter of legislative control we must conclude that, if the legislature had intended to except actions of this character, it would have included them with the proceedings listed in section 1881 of the Code of Civil Procedure, as exceptions to the general rule affecting the competency of husband and wife to testify. And we cannot overlook the well-settled principle that when the legislature has made exceptions to a general rule it must be deemed to have included in its exceptions all that it intended to except.

The writ is denied and proceedings dismissed.

Sturtevant, J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 5, 1930, and an

application by petitioner to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 29, 1930.