[L. A. No. 13934. In Bank.—March 28, 1933.]

ELEANOR SANDROSKY, Respondent, v. PRUDENTIAL INSURANCE COMPANY OF AMERICA (a Corporation), Defendant; SAM NEWMAN, Administrator, etc., Appellant.

Mark M. Cohen and Irwin M. Fulop for Appellant.

Davis & Thorne for Respondent.

PRESTON, J.—This record presents a contest between the surviving widow, Eleanor Sandrosky, and the personal representative of Simon Sandrosky, deceased, over the disposition of the proceeds of a policy of insurance on the life of the said deceased, wherein the wife is named as the sole beneficiary. She sued defendant Prudential Insurance Company for the proceeds of the policy. The Insurance Company in turn interpleaded all the claimants and paid the proceeds into court, being thereby released from further liability. The issues were made up and a trial was had which resulted in findings and judgment for plaintiff, the widow of the decedent Simon Sandrosky. Defendant Sam Newman, as administrator of the estate of said Simon Sandrosky, has appealed.

To grasp the law point involved, it is necessary to set forth the further facts as follows: The insurance policy was dated July 1, 1929. In 1931 marital differences arose between said wife and husband as the result of which a divorce action was instituted by the wife on March 6, 1931. On March 9th a written property settlement was executed without special mention of the policy of insurance. An interlocutory decree of divorce followed on April 13, 1931. On April 16, 1932, the husband met his death through an accident. The final decree of divorce was never entered. The interlocutory decree does not mention property rights. The controversy here arises from the said contract of settlement which appellant claims bars or estops plaintiff from claiming the proceeds of said policy. The material part of said agreement is as follows: "Whereas, the parties hereto are desirous of settling once and for all their respective rights in and to any community or separate property that they now have or may hereafter acquire . . . Party of the first part (wife) does also by this instrument grant, convey, assign and transfer to party of the second part all right, title or interest she now has or which she may hereafter acquire in any property

now owned or possessed by party of the second part or which he may hereafter acquire.''

Presumably, at least, the premiums paid on this insurance policy were from the community funds of the husband and wife but there is even ground for conjecture that said premiums were paid from the separate property of the wife, as under said property settlement all property mentioned was separate property of the wife and she agreed to pay the husband from the returns thereof the sum of $200 instead of receiving any sum or sums from him. If it be conceded that the terms of the property settlement were broad enough to transmute the community rights of the parties in the policy of insurance into separate property of the deceased, still that concession would not conclude this controversy for such a conveyance would not affect the wife's status as the beneficiary. ■ Such a right, standing alone, is no more than an expectancy; it is not a property right and, therefore, it is not the subject of settlement. The beneficiary could be changed at any time at the will of the insured. ■ In the case before us the parties by their joint act in writing on March 30, 1931, changed the terms and conditions of the policy in other respects but left the provision naming the wife as beneficiary unchanged. On September 15, 1931, the husband, presumably with the aid and signature of the wife, borrowed a sum of money on the policy. In addition to this the husband delivered the policy to the wife. These three separate and distinct acts, published and republished during the period subsequent to the execution of the property settlement, in addition to oral testimony in the record to the same effect, show conclusively that the husband intended that the wife take under the policy at his death.

The judgment is affirmed.

Curtis, J., Thompson, J., Shenk, J., Langdon, J., Seawell, J., and Waste, C. J., concurred.