[L. A. No. 18998.   In Bank.   Mar. 27, 1945.]

CLARA GRIMM, Respondent, v. WALTER E. GRIMM et al., as Administrators, etc., Appellants.

John J. Craig and Rush M. Blodget for Appellants.

Stephen Monteleone for Respondent.

TRAYNOR, J.—In January, 1941, plaintiff and Lewis Grimm were divorced. In December, 1939, they entered into a property settlement agreement that provided for a division of their community property, which included an insurance policy on the life of the husband, issued in 1930 and naming the wife as beneficiary. The agreement made this policy the separate property of the husband and gave him the right to change the beneficiary. He died in April, 1943, without having made such a change. He had not remarried, and he left no issue. After his death, plaintiff claimed the proceeds of the insurance policy as the beneficiary thereof and brought this action for a declaration of her rights. The insurance company under stipulation paid the money due on the policy into court and was dismissed from the action. The trial court

entered judgment for plaintiff, and defendants, the administrators of Lewis Grimm's estate, appeal. Defendants contend that the estate is entitled to the proceeds on the ground that the agreement between the spouses terminated all rights of plaintiff with respect to the policy, including the right to receive the insurance money as the beneficiary thereof.

All premiums were paid with community funds and the policy was therefore community property at the time of the property settlement agreement. (*Travelers Ins. Co.* v. *Fancher*, 219 Cal. 351, 356 [26 P.2d 482] ; *Blethen* v. *Pacific Mut. L. Ins. Co.*, 198 Cal. 91, 99 [243 P. 431] ; *New York Life Ins. Co.* v. *Bank of Italy*, 60 Cal.App. 602, 606 [214 P. 61] ; *Jenkins* v. *Jenkins*, 112 Cal.App. 402, 409 [297 P. 56].)

It is settled that even though the insurance contract may provide that the insured husband has the right to change the beneficiary without the wife's consent where she is named as such, any change of beneficiary without her consent and without a valuable consideration is voidable, and after the death of the husband the wife may maintain an action for her community share in the proceeds of the policy. (*Mazman* v. *Brown*, 12 Cal.App.2d 272, 275 [55 P.2d 539] ; *Travelers' Ins. Co.* v. *Fancher, supra*, at p. 356; *Dixon Lumber Co.* v. *Peacock*, 217 Cal. 415, 418 [19 P.2d 233] ; *Blethen* v. *Pacific Mut. L. Ins. Co., supra*, at p. 101; see 3 Cal.Jur. 10-Yr.Supp. 622; 114 A.L.R. 545, 554.) A wife, however, can release this community interest in the insurance policy and still be a beneficiary thereof. If she executes such a release and the husband revokes his designation of her as beneficiary she has no right to the insurance proceeds upon his death; but if he fails to revoke his designation of her as beneficiary, she is entitled, like any other beneficiary, to the proceeds of the policy at the time of his death. She would not be entitled to such proceeds, however, if the parties agreed that no rights were to accrue to her, even though she remained the beneficiary at the time of the husband's death. It remains to be determined, therefore, whether the spouses in the present case agreed, not only that the policy should become the separate property of the husband, but that no rights should accrue to plaintiff even though she remained the beneficiary at the time of the husband's death.

The interest of a beneficiary designated by an insured

who has the right to change the beneficiary is, like that of a legatee under a will, a mere expectancy of a gift at the time of the insured's death. (*Page* v. *Washington Mutual Life Assn.*, 20 Cal.2d 234, 242 [125 P.2d 20] ; *Cook* v. *Cook*, 17 Cal. 2d 639, 644 [111 P.2d 322] ; *Blethen* v. *Pacific Mut. L. Ins. Co.*, 198 Cal. 91, 98 [243 P. 431] ; *Mahony* v. *Crocker*, 58 Cal. App.2d 196, 202 [136 P.2d 810] ; *Mutual Life Ins. Co.* v. *Franck*, 9 Cal.App.2d 528, 537 [50 P.2d 480] ; *Hack* v. *Metz*, 173 S.C. 413 [176 S.E. 314, 95 A.L.R. 196] ; see 14 Cal.Jur. 583 ; 29 Am.Jur., Insurance, § 1276, p. 952.) ▮ An assignment or release of an expectancy becomes enforceable in equity when the expectancy has developed into a right. (*Bennett* v. *Forrest*, 24 Cal.2d 485, 492 [150 P.2d 416] ; *Estate of Crane*, 6 Cal.2d 218 [57 P.2d 476, 104 A.L.R. 1101] ; *Anglo California Nat. Bank* v. *Kidd*, 58 Cal.App.2d 651, 655 [137 P.2d 460] ; *Bridge* v. *Kedon*, 163 Cal. 493, 500 [126 P. 149, 43 L.R.A.N.S. 404] ; *Estate of Edelman*, 148 Cal. 233, 238 [82 P. 962, 113 Am.St.Rep. 231] ; *Estate of Garcelon*, 104 Cal. 570, 584 [38 P. 414, 43 Am.St.Rep. 134, 32 L.R.A. 595] ; see 17 A.L.R. 597 ; 44 A.L.R. 1465 ; 121 A.L.R. 450 ; 3 Cal.Jur. 251 ; 9 Cal.Jur. 478 ; 4 Am.Jur., Assignments, § 51, p. 270.) ▮ It is settled, however, that a contract constitutes an equitable assignment or renunciation of an expectancy only if it expressly or by necessary implication so provides. (*Estate of Jones*, 118 Cal. 499, 502 [50 P. 766, 62 Am.St.Rep. 251] ; see 4 Pomeroy, Equity Jurisprudence, § 1290.) ▮ In interpreting property settlement agreements courts weigh carefully the language of the agreements before concluding that they eliminate rights the disavowal of which is not necessarily connected with the purpose of such agreements. (*Estate of McNutt*, 36 Cal.App.2d 542, 549 [98 P.2d 253] ; *Girard* v. *Girard*, 29 N.M. 189 [221 P. 801, 35 A.L.R. 1493].) This court and other courts have therefore applied to property settlement agreements the rule that general expressions or clauses in such agreements are not to be construed as including an assignment or renunciation of expectancies and that a beneficiary therefore retains his status under an insurance policy or under a will if it does not clearly appear from the agreement that in addition to the segregation of the property of the spouses it was intended to deprive either spouse of the right to take property under a will or an insurance contract of the other. (*Sandrosky* v. *Prudential Ins. Co.*, 217 Cal.

578 [20 P.2d 325]; *Jenkins* v. *Jenkins,* 112 Cal.App. 402, 407 [297 P. 56]; *Estate of Crane, supra,* p. 221; *Merchants Nat. Bank* v. *Hubbard,* 220 Ala. 372 [125 So. 335]; *Equitable Life Assur. Soc.* v. *Stilley,* 271 Ill.App. 283; see *Girard* v. *Girard,* 29 N.M. 189 [221 P. 801, 35 A.L.R. 1493]; *In re Sword,* 120 Misc. 427 [199 N.Y.S. 672] [aff'd, 204 N.Y.S. 952]; *In re Brown's Will,* 153 Misc. 282 [274 N.Y.S. 924, 931]; *In re Griffith's Will,* 167 Misc. 366 [3 N.Y.S.2d 925, 927]; *Weir* v. *King,* (Tex.Civ.App.) 166 S.W.2d 187; Lindey, Separation Agreements, p. 283.) In *Estate of Crane, supra,* this court set forth the considerations that commend the rule that expectancies under a will or an insurance policy are regarded as waived only when it appears that the attention of the parties was directed to such expectancies and their intention to disclaim future rights that might develop from such expectancies was made clear in the contract. ▮ Since the husband has the power to revoke his will or to change the beneficiary named in an insurance policy his failure to do so ordinarily indicates that he did not wish to effect a change so that in effect his failure to act amounts to a confirmation of the will or the designation of the wife in the insurance policy. Both instruments are to be read as expressing the decedent's intentions at the time of his death. As was said in *Estate of Crane, supra,* at page 221: "It is to be remembered that although the will in which the legacy is contained had been executed prior to the date of the contract, the testator lived more than two years thereafter. And a will speaks from and as of the date of the testator's death. If the testator had not executed this will until after the date of the property settlement agreement, it would not be reasonable to say that he was without right to make such subsequent will and thereby give additional property to his wife. But in substance and effect he did the same thing by leaving his will unchanged after the date of said contract." Moreover, while a property settlement agreement provides for what the husband is conceding to his wife as a matter of right, frequently he is willing to grant more to her as a matter of bounty, for as recognized in *Estate of Crane, supra,* at page 221, the affection of spouses for each other may survive separation agreements and divorce proceedings.

▮ The property settlement agreement in the present case provided: "The parties hereto do mutually covenant and agree

that this agreement is intended and shall be construed as, and the same shall be, a complete property settlement between the parties hereto, and that it comprises, settles and discharges all claims arising or existing, or which may hereafter arise by reason of the marriage of the parties hereto, and that second party accepts the provision herein made for her in full satisfaction of her right to support and maintenance.'' This clause sets forth two conditions of the property settlement agreement: the wife relinquishes her rights in all the property that was or by virtue of the agreement became separate property of the husband, and each spouse discharges all claims then existing or in the future arising as a result of the marital relationship of the parties. Plaintiff bases her claim to the insurance proceeds on a contract made by the husband in her favor while they were married and left in effect by him after the property settlement agreement and the divorce. She makes no claim arising out of the former marital relationship, nor does she assert a right contrary to her general waiver of all rights in the separate property of the husband.

The property settlement agreement setting forth the community property described the insurance policy as one in which the wife was named as beneficiary. As to the property that was to be separate property of the husband, the agreement (designating the husband as first party and the wife as second party) provided: ''All funds and property of every nature described or referred to in said Exhibit A, other than the property hereinabove provided to be paid or conveyed to second party, and all property hereinabove referred to as now being the separate property of the first party hereto, together with all property of any nature hereafter possessed or acquired by first party shall be and remain the sole and separate property of said first party, and second party hereby conveys, relinquishes and releases to first party all right, title, interest and claim which she has or might have therein or thereto. Said first party shall have the right to change the beneficiary of the life insurance policy, described in Article VIII of said Exhibit (A), and second party agrees to execute upon request any instrument necessary or convenient to accomplish such change, and second party hereby transfers, releases and relinquishes to first party all interest in and to said policy of insurance and the premiums paid thereunder and the avails thereof.'' Under this provision the insurance

policy was like any other community property that was to become separate property of the husband. There was no indication that anything else was intended with respect to the policy. The express reference in the agreement to the right of the husband to change the beneficiary indicates that there was no immediate change and that the wife would remain the beneficiary of the policy unless the husband exercised his right to change the beneficiary. It was for the husband to decide whether he wished his wife or someone else to get the proceeds of the policy. If the decedent intended that plaintiff, who was his wife for more than thirty years, should have the insurance proceeds, he would naturally suppose that his intention would be fulfilled if he did not change the beneficiary. It is significant that he lived for several years after the agreement without making such a change. Plaintiff's agreement to execute upon the husband's request any instrument necessary or convenient to change the beneficiary also makes it apparent from the face of the agreement that there was no present renunciation of the wife as beneficiary. Plaintiff's relinquishment of her interest in the "avails" of the policy does not show an intention to give up more than her community rights, which included a share in the proceeds of the policy. The intention of the spouses to exclude from the agreement rights that might accrue to plaintiff at the death of the husband as a result of his bounty is indicated by the provision of the agreement in which plaintiff waived all rights of inheritance in her husband's estate "except in such manner and upon such terms as may be provided in any will and/or codicil thereto of first party in effect at the date of his death." Since the position of a beneficiary named in a life insurance policy as an object of the bounty of the insured is similar to that of a beneficiary of a will (*Cook* v. *Cook*, 17 Cal.2d 639, 646 [111 P.2d 322]), plaintiff no more relinquished the right to take as beneficiary of her husband's insurance policy than she relinquished the right to take as beneficiary of his will. In this respect there is a clear distinction between the present case and *Sullivan* v. *Union Oil Co.*, 16 Cal.2d 229 [105 P.2d 922], on which defendants mainly rely. In that case the parties to the property settlement agreed that " 'each hereby waive any and all right to the estate of the other *left at his or her death* and forever quitclaim any and *all* right to share in the same of the other, . . . and hereby re-

lease and waive all right to inherit under any will of the other . . . and from the date of this agreement . . . they shall have all the rights of single persons and maintain the same relation of such toward the other.' '' There was no provision, as in the present case, to indicate that the parties contemplated no present renunciation by the husband of the wife as beneficiary, but left it to him to decide in the future whether or not to change the beneficiary. Moreover, the Sullivan case involved, not a contract with an insurance company, but an ''Employees' Provident Fund'' maintained by the husband's employer, to which the husband contributed by monthly deductions from his salary. Under the facts of that case all interests of the wife in the fund were regarded as part of her interest in the community property and as such released in favor of the husband.

The judgment is affirmed.

Gibson, C. J., Shenk, J., Edmonds, J., and Spence, J., concurred.

SCHAUER, J.—I dissent. The majority opinion takes from the estate of decedent and gives to plaintiff property (''avails'' of a specifically described life insurance policy) in which the latter has no right, title, or interest. By formal written agreement for a valuable consideration the plaintiff *conveyed* to the decedent all of her interest in the *avails* of the policy. The exact language used by the parties is: ''second party [plaintiff] hereby *transfers,* releases and relinquishes to first party [decedent] all interest in and to said policy of insurance and the premiums paid thereunder *and the avails thereof.*'' (Italics added.) We cannot give effect to the words ''second party hereby *transfers* . . . to first party all interest in and to said policy . . . and the *avails* thereof'' and still permit plaintiff to recover. We have no right to give no effect to those words. They are clear and definite in meaning. The word ''transfer'' means ''to convey from one . . . person . . . to another.'' (Webster's New Int. Dict. (2d ed.).) The majority opinion does not assert, and the evidence does not suggest, that the decedent ever reconveyed to plaintiff any interest in, to, or under the policy, or its ''avails.'' I think that such majority opinion fails to reckon squarely with the essential problem when it declares that

"Plaintiff's *relinquishment* of her interest in the 'avails' of the policy does not show an intention to give up more than her community rights, which included a share in the proceeds of the policy." (Italics added.) The instrument effects an out and out conveyance of all interest in the avails of the policy. An actual conveyance is more than a relinquishment.

Neither do I find convincing the argument in the opinion based on the statement that "The intention of the spouses to exclude from the agreement rights that might accrue to plaintiff at the death of the husband as a result of his bounty is indicated by the provision of the agreement in which plaintiff waived all rights of inheritance in her husband's estate 'except in such manner and upon such terms as may be provided in any will and/or codicil thereto of first party in effect at the date of his death.' " The foregoing exception is specific and exclusive. It excepts from operation of the relinquishment of plaintiff's rights of inheritance from the decedent only such rights as are encompassed in the language "in such manner and upon such terms as may be provided in any will and/or codicil thereto of first party in effect at the date of his death." It seems almost trite to have to point out that the asserted right claimed in this action by plaintiff is *not* one which is evidenced or created by "terms . . . provided in any will and/or codicil thereto of first party."

It is an established rule of construction that a proviso or exception is used to limit and qualify that which immediately precedes it and to expressly negative a construction or effect that would prevail in the absence of the proviso or exception; that which is specifically excepted from the operation of the general clause would, in the absence of the proviso or exception, have been included within the operation of such general clause. (17 C.J.S. § 343, pp. 796-797 [rule as to contracts]; see, also, *People ex rel. Happell* v. *Sischo* (1943), 23 Cal.2d 478, 493 [144 P.2d 785, 150 A.L.R. 1431] [rule of statutory construction].) Furthermore, the express enumeration of exceptions indicates the exclusion of any other exceptions. (17 C.J.S. § 343, p. 797 [rule as to contracts]; see, also, *Belloc* v. *Rogers* (1858), 9 Cal. 123, 128; *Tynan* v. *Walker* (1869), 35 Cal. 634, 639 [95 Am.Dec. 152]; *Rothschild* v. *Superior Court* (1930), 109 Cal.App. 345, 348 [293 P. 106]; *C.I.T. Corp.* v. *Biltmore Garage* (1934), 3 Cal.App.2dSupp. 757, 761 [36 P.2d 247]; *In re De Neef* (1941), 42 Cal.App.

2d 691, 694 [109 P.2d 741] [rule of statutory construction].)
There is no presumption in favor of plaintiff. She had sued
Mr. Grimm, the decedent, for divorce. She contracted with
him freely, upon an equal footing.

The declaration in the opinion that "Since the position of
a beneficiary named in a life insurance policy as an object of
the bounty of the insured is similar to that of a beneficiary of
a will [citation] plaintiff no more relinquished the right to
take as beneficiary of her husband's insurance policy than
she relinquished the right to take as beneficiary of his will"
seems to me to be a *non sequitur*. The exception clause ex-
pressly reserves to plaintiff the right to take as beneficiary
*under a will or codicil thereto* but it does not reserve or create
the right to *succeed otherwise* to avails of the insurance policy,
which policy and the "avails thereof" plaintiff had *conveyed*
to decedent for a valuable consideration.

The transfer in writing to decedent of all of plaintiff's
interest in and to the policy and its "avails" immediately
divested plaintiff of all her interest in and to such policy and
its "avails" and vested all of such interest in decedent as
his separate property. There was no necessity for him to
change the policy-designated beneficiary; he owned and
there was vested in him all of such beneficiary's interest. She
could thereafter acquire no interest in or right to the policy
proceeds except by affirmative and competent action of the
decedent to that end. He could have made a will or codicil
bequeathing such avails to plaintiff but he did not do so.
He chose to keep such policy and its avails for himself and
his estate. His estate is now entitled to have them free of any
claim of plaintiff, for which she has long since received fair
compensation and of which she divested herself by voluntary
action.

The provision in the agreement by which plaintiff bound
herself to execute upon Mr. Grimm's request any instrument
necessary or convenient to change the beneficiary does not, in
my view, make it apparent, as asserted in the opinion, "that
there was no present renunciation of the wife as beneficiary"
in any material sense. Since Mr. Grimm had bought, paid for,
and received a conveyance of plaintiff's entire interest there
is apparent no essential reason why he should have desired
or thought that he needed to have the policy itself amended
to show a change in the designated beneficiary until and

unless he wanted to name some third person as beneficiary. To accomplish that end he might well have needed plaintiff's execution of a proper document and, therefore, an appropriate covenant to that end was included in the agreement, but insofar as Mr. Grimm's rights against the plaintiff were concerned, if he wanted the avails of the policy to go to his estate, he already, in the agreement, had everything which he could reasonably anticipate would be needed.

Lastly, I find no substantial ground for distinguishing this case from our opinion in *Sullivan* v. *Union Oil Co.* (1940), 16 Cal.2d 229, 233 [105 P.2d 922]. The agreement in that case provided that "each [husband and wife] hereby waive any and all right to the estate of the other *left at his or her death* and forever quitclaim any and all right to share in the same of the other, . . . and hereby release and waive all right to inherit under any will of the other . . . and from the date of this agreement . . . they shall have all the rights of single persons and maintain the same relation of such toward the other." The agreement in the case now before us seems more certain and efficacious to the end in question than does that involved in the Sullivan case. In addition to the language of conveyance and relinquishment hereinabove quoted the agreement we are construing provides that "All funds and property of every nature described or referred to in said Exhibit A [with certain immaterial exceptions but specifically including the mooted policy] . . . together with all property of any nature hereafter possessed or acquired by first party [the decedent] shall be *and remain* the sole and separate property of said first party, and second party [plaintiff] hereby *transfers, conveys,* relinquishes and releases to first party all right, title, interest and *claim* which she has *or might have* therein or thereto." (Italics added.) Here the plaintiff not only released and relinquished all claims arising out of the marital status but she expressly *conveyed* to the decedent all of her interest in and claim to the precise property in controversy. Such conveyance, instead of indicating as asserted in the opinion "that the parties contemplated no present renunciation by the husband of the wife as beneficiary," in any material sense, conclusively establishes that the wife thereupon completely divested herself of all interest under the policy, specifically including the "avails thereof" and any claim which she "might have therein or thereto." In other words

she expressly conveyed to Mr. Grimm all of her interest as beneficiary and agreed that it should "remain" his "sole and separate property." Certainly, he could have reconveyed it to her, but he never did so.

As previously shown, there was no occasion or reason for Mr. Grimm, the former husband, to change the name of the beneficiary shown in the policy unless and until he wanted to designate a third person to that status. Since he apparently wished only to have the proceeds go to his own estate he rested upon the conveyance from plaintiff which, at least so far as appears, was never questioned during his lifetime and the due execution and fairness of which are not now questioned. We should not now, after his death, enable plaintiff to gratuitously take from his estate that which was his.

The judgment should be reversed.

Carter, J., concurred.

Appellants' petition for a rehearing was denied April 23, 1945. Carter, J., and Schauer, J., voted for a rehearing.