TATE, Judge.
This is a concursus proceeding. LSA-R.S. 13:4811 et seq. Plaintiff, a fraternal benefit society, deposited into the registry of the court the sum of $1,998.12, being the net death benefit payable on a “life certificate” (equivalent to a life insurance policy) held by Eddie Arceneaux, who was killed in an automobile accident on October 14, ,1956. The certificate’s designated *149 beneficiary, the decedent’s third wife, appeals from judgment awarding such proceeds to the other claimant thereto, the decedent’s only surviving child, born of a previous marriage. The latter is now the appellee before this court.
Four days before the insured’s death, a judgment of final divorce on the ground of adultery had been rendered by •default against the wife, appellant herein. Following his death she had taken an appeal therefrom, which was dismissed by the Supreme Court as moot on, the ground that the personal action for divorce was abated by the death of the husband. Arceneaux v. Arceneaux, 232 La. 494, 94 So.2d 449.
Although the appellant had been designated prior to the judgment of divorce as the beneficiary under the life insurance certificate, by-laws forming part of the contract between the plaintiff society and the decedent provided that “in the event that benefits are made payable to the wife of the member and they be divorced from each other,” the benefits would be paid to the surviving child as if there were no surviving wife “unless the divorced wife be re-designated as beneficiary after the divorce”.
The trial court sustained the appellee’s contention that the uncontested divorce prior to the decedent’s death determined the appellant’s status as the divorced wife of the insured at the time of his death, so as under the quoted provisions to render ineffective the earlier and only designation of her as beneficiary; especially since at the time of her former husband’s death no appeal had been taken suspending the effectiveness of the divorce decree. Thus rejected was the appellant’s contention that the divorce decree never became final because she had perfected her appeal within the thirty days allowed for appeals from divorce judgments. Code of Practice Art. 573; LSA-R.S. 13:4452.
Irrespective of the effect upon her theoretical legal status of the appellant’s timely appeal subsequent to her husband’s death and/or of her husband’s death before expiration of the 30-day period during which an appeal from the divorce judgment could be taken, we think that within the meaning of the insuring certificate the appellant wife was divorced from the insured at the time of his death so as to be barred from being his beneficiary.
Under the life insurance certificate and cited provisions in question, the effect of the insured’s act in obtaining prior to his death a judgment óf divorce from the appellant was to revoke his previous designation- of her as his beneficiary. The certificate itself provides that the holder thereof had the right to designate and to change the .beneficiaries at will. The provisions barring the divorced wife from receiving benefits- under the insurance certificate, unless following the divorce the husband re-designates her as beneficiary, reflect a presumption that by obtaining the divorce the husband intends to exercise his right to remove her as designated beneficiary unless he formally manifests some contrary desire.
The record of the divorce proceedings were offered in evidence in the present action. It shows that the appellant wife and the corespondent were surprised together in the bedroom of a darkened and locked house under circumstances strongly indicating adultery (cf., Pilgrim v. Pilgrim, 235 La. 112, 102 So.2d 864), and that on the day following this incident they moved into an apartment on Baton Rouge Avenue and lived together for a month before' the divorce. (The pleadings in the present cause show that the wife and the said corespondent have subsequently married.) Although personal service was made upon her of the petition alleging adultery with the named corespondent, the appellant wife did not contest the divorce but suffered it to go against her by default.
Under the insuring provisions and these circumstances, the insured would be justified at the time of his sudden and untimely death in believing that the uncontested divorce — acquiesced in to the extent *150 that his former wife was already living with the named corespondent — had effectively revoked his earlier designation of her as beneficiary and that it was unnecessary for him to take further action to do so. Cf. Bonnette v. Bonnette, La.App. 2 Cir., 161 So. 616; Kimbal v. National Life & Accident Ins. Co., Orl., 8 La.App. 228; “Where the insured takes a positive action which evidences his obvious desire for a change of beneficiary, the courts will take such a construction as will assist in carrying out such intention”. 2 Appleman, Insurance Law and Practice, Section 963, p. 382 (1941 Ed.)
We are aware that a statement is found at 2 Appleman’s Insurance Law and Practice, Section 804, p. 168 (1941 Ed.) to the effect that: “If, for any reason, the divorce decree has not yet become final, it has been held inoperative to alter the rights of the parties, or to prohibit recovery by the widow upon the death of the insured.” Cited in support of this statement are the following cases: Sandrosky v. Prudential Ins. Co., 1933, 217 Cal. 578, 20 P.2d 325; Sovereign Camp, W. O. W. v. Billings, 1921, 107 Neb. 218, 185 N.W. 426; Bradley v. Bradley’s Adm’r, 1917, 178 Ky. 239, 198 S.W. 905; Aetna Life Ins. Co. v. Mason, 1884, 14 R.I. 583.
These cases are distinguishable, however. For in the present instance a decree of final divorce had been rendered which under its terms had dissolved the marriage between the parties (even though still subject to an unexercised right of appeal) ; but in none of the cited cases was a decree of final divorce in effect at the time the policy matured.
The Sandrosky and Billings cases concern decrees which were not intended to become operative as a dissolution of the marriage until at a time subsequent to the decedent’s death. The Bradley case is an instance where a decree was rendered but not filed so as to be effective, so that the husband and wife “were never divorced from the bonds of matrimony and were husband and wife at his death”, 198 S.W. 906. See for a contrary legal conclusion, Berkenfield v. Jacobs, Fla., 83 So.2d 265. In the Mason case, the wife’s suit was pending and had not yet resulted in a divorce decree at the time the policy matured.
Thus, contrary to the present instance, in none of these decisions was the husband at the time of his death in a position to believe that he had done all that was necessary to terminate his wife’s rights to the proceeds of the policy.
Having reached the conclusion on the merits that the trial court correctly dismissed the appellant’s claim to the proceeds of the life insurance certificate here involved, we do not find it necessary to consider the appellee’s motion to dismiss the appeal.
For the reasons assigned, the judgment of the trial court is affirmed.
Affirmed.